UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-01253-MWF (DSR)**          **Date:  April 7, 2026**
Title:  Gourav Gourav v. James Janecka, et al.

Present:    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| None Present | None Present |

**Proceedings (In Chambers):**  ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [4]

Before the Court is Petitioner Gourav Gourav's Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion"), filed on March 20, 2026. (Docket No. 4).  Respondents filed a Response on March 26, 2026.  (Docket No. 7). No Reply was filed.

The Motion is **GRANTED** as to the temporary restraining order.  The Response to the TRO states only that "Respondents are not presenting an opposition argument at this time."  (*See* Response at 2).  This concession is grounds alone to grant the TRO. *See* Local Rule 7-12.  Nonetheless, the Court also holds that Petitioner has demonstrated a likelihood of success on his due process claim.

## I.    BACKGROUND

Petitioner Gourav Gourav is a native and citizen of India.  (Docket No. 1 (the "Petition") ¶ 29).  Petitioner entered the country without inspection seeking asylum on September 16, 2023.  (*Id.*)  Petitioner was detained at that time and placed into immigration custody.  (*Id.* ¶ 30).  ICE conducted background checks and confirmed that Petitioner had no criminal history and no outstanding warrants.  (*Id.*).  On September 19, 2023, DHS initiated removal proceedings against Petitioner and issued a Notice to Appear.  (*Id.* ¶ 31).  That same day, Petitioner was released on his own recognizance after ICE determined he was neither a danger to the community nor a

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  EDCV 26-01253-MWF (DSR)                **Date:**  **April 7, 2026**
Title:  Gourav Gourav v. James Janecka, et al.

flight risk.  (*Id.* ¶ 32).  Petitioner was required to submit to check-ins and appear at all immigration proceedings.  (*Id.*).

On April 30, 2025, at a check-in with ICE, ICE required Petitioner to begin wearing an ankle monitor.  (*Id.* ¶ 34).  On July 21, 2025, during another scheduled check-in with ICE, Petitioner was rearrested and placed into custody.  (*Id.* ¶ 36).

Petitioner was provided with a bond hearing on January 20, 2026, but bond was denied because the Immigration Judge held that "*Maldonado Bautista* does not confer 236(a) bond authority to this specific case."  (*See* Petition at Ex. 3).  The IJ made no finding as to whether Petitioner is a flight risk or poses a danger to the community, but the Petition alleges that the IJ's order reflected the IJ's belief that the IJ did not have jurisdiction.  (*See id.;* Petition ¶ 38).  Moreover, Petitioner alleges he is detained pursuant to 8 U.S.C. § 1226(a) and thus is a member of the *Maldonado Bautista* class.  (*Id.* ¶¶ 103-106).  And again, Respondents have presented no opposition to the allegations by Petitioner here, and thus have conceded that he is subject only to discretionary detention under § 1226(a).

## II.    **LEGAL STANDARD**

A temporary restraining order is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008).  The standard for issuing a temporary restraining order is "substantially identical" to that for issuing a preliminary injunction.  *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury."  Fed. R. Civ. P. 65(b).  A party seeking a preliminary injunction must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his favor; and (4) an injunction is in the public interest.  *See Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter*, 555 U.S. at 20).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-01253-MWF (DSR)**          **Date:  April 7, 2026**

Title:  Gourav Gourav v. James Janecka, et al.

These elements — referred to as the *Winter* factors — can be balanced on a sliding scale, allowing a preliminary injunction to issue where there are "serious questions going to the merits" and the balance of hardships "tips sharply towards the plaintiff," "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131, 1132–35 (9th Cir. 2011) (concluding that district courts may use a sliding-scale approach but requiring all four *Winter* factors to be met).

## III.   **DISCUSSION**

Again, Respondents submitted a Response to the TRO that states only that "Respondents are not presenting an opposition argument at this time."  (*See* Response at 2).  Failure to file an Opposition is grounds on its own to grant the Motion.  Local Rule 7-12.

### A.    **Likelihood of Success on the Merits**

Petitioner asserts he is likely to succeed on the merits of his procedural due process claim.  (*See* Motion at 6-13).  Because the Court agrees, the Court does not reach Petitioner's substantive due process argument.

#### 1.  **Protected Liberty Interest**

While the liberty interests of U.S. citizens compared to noncitizens "are not coextensive," the Fifth Amendment nonetheless "entitles [noncitizens] to due process of law in deportation proceedings." *Rodriguez Diaz v. Garland,* 53 F.4th 1189, 1205-06 (9th Cir. 2022) (quoting *Hussain v. Rosen,* 985 F.3d 634, 642 (9th Cir. 2021)).  And recent district court cases in this Circuit have affirmed the principle that "even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody [he or] she has a protected liberty interest in remaining out of custody." *See, e.g., Pinchi v. Noem,* 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (collecting cases); *Meneses v. Santacruz,* 811 F. Supp. 3d 1158, 1162 (C.D. Cal. 2025).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 26-01253-MWF (DSR)          Date:  April 7, 2026

Title:  Gourav Gourav v. James Janecka, et al.

This Court agrees with the rationale from these recent cases.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."  *Zadvydas v. Davis,* 533 U.S. 678, 690 (2001).  While the Government retains discretion under the INA to make the "initial decision to detain or release an individual[,] … the [G]overnment's decision to release an individual from custody creates an 'implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[] to live up to the … conditions [of release].'"  *See Pinchi,* 792 F. Supp. 3d at 1032 (citing *Morrissey v. Brewer,* 408 U.S. 471, 482 (1972)).

This rationale is entirely on point here, where Petitioner was released on his own recognizance after ICE found that he was not a flight risk nor a danger to the community.  (Motion at 7).  Petitioner asserts that he has attended his check-ins and immigration court hearings, obtained work authorization, and lived in the community for two years.  (*Id.* at 8).  Petitioner thus has a protected liberty interest in remaining out of custody following his release on his own recognizance.  Moreover, the Ninth Circuit has used the test from *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976) as the inquiry into an alleged violation of procedural due process as applied to detained noncitizens.  *See Rodriguez Diaz,* 53 F.4th at 1206 ("Ultimately, *Mathews* remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context.").  The Court will thus examine Petitioner's arguments under this inquiry.

### 2. *Mathews* Test

Under the test from *Mathews,* the Court must weigh three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  424 U.S. at 335.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-01253-MWF (DSR)**                **Date:  April 7, 2026**

Title:  Gourav Gourav v. James Janecka, et al.

**First**, the Court agrees that the private interest at stake is significant.  (Motion at 9-10).  Petitioner has established community ties and has attended check-ins consistently.  (*Id.* at 10).  Courts considering this factor have held similar facts to be indicative of a substantial private interest.  *See Meneses,* 811 F. Supp. 3d at 1163 (collecting cases).

**Second**, under the *Mathews* test, the Court considers the risk of erroneous deprivation of liberty without a pre-detention hearing.  "Civil immigration detention is permissible only to prevent flight or protect against danger to the community."  *See Pinchi,* 792 F. Supp. 3d at 1035.  Petitioner's release after his initial arrival was premised on Respondents' determination that he was not a flight risk or a danger to the community, because ICE is not permitted to release detainees without first making such a determination.  *See Pinchi,* 792 F. Supp. 3d at 1034 ("As ICE was not authorized to release Ms. Garro Pinchi if she was a danger to the community or a flight risk, the Court must infer from Ms. Garro Pinchi's release that ICE determined she was neither.").  Moreover, the probable value of such a hearing would have been high given that Petitioner has maintained the conditions of his release by appearing for scheduled check-ins and hearings with the immigration court, and has developed ties to the community.  (Motion at 10-12).  Additionally, Petitioner has no criminal record that this Court is aware of.

**Third,** courts have routinely recognized that the Government's interest in detaining individuals like Petitioner without a hearing is "low."  *See Fernandez,* CV 2025 WL 2959319, at *6 (E.D. Cal. Oct. 17, 2025); *Meneses,* 811 F. Supp. 3d at 1164.  This is particularly so where the Government has not shown — or, as here, attempted to substantively argue — that "Petitioner's detention serves either to prevent flight or a danger to the community."  *See Padilla v. Bowen,* 2025 WL 3251368, at *7 (citing *Hernandez v. Sessions,* 872 F.3d 976, 994 (9th Cir. 2017)).  Nor are "the costs of providing such protections … fiscally or administratively onerous."  *Pinchi,* 792 F. Supp. 3d at 1036.

In sum, Petitioner has demonstrated a likelihood of success on his procedural due process claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-01253-MWF (DSR)**          **Date:  April 7, 2026**
Title:  Gourav Gourav v. James Janecka, et al.

### B.    Irreparable Harm

Irreparable harm is easily established here.  Deprivation of due process rights constitutes irreparable injury.  *See Melendres v. Arpaio,* 695 F.3d 990, 1002 (9th Cir. 2012) ("It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'").  "Where the 'alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary.'"  *See Marzan Mody v. Warden, et al.,* EDCV 25-3400 FMO (RAO), 2026 WL 51976, at *7 (C.D. Cal. Jan. 5, 2026) (quoting *Warsoldier v. Woodford,* 418 F.3d 989, 1001-02 (9th Cir. 2005)).

### C.    Balance of Equities, Public Interest

The balance of equities and public interest merge in cases against the Government.  *See Nken v. Holder,* 556 U.S. 418, 435 (2009).  Respondents do not assert any public interest in their Response.  (*See generally* Response).  But this Court joins the numerous others in this Circuit that have held that the potential Government interest in cases such as these does not outweigh the violation of Petitioner's due process rights.  *See Ortega v. Noem,* CV 25-1663-DJC-CKD, 2025 WL 3511914, at *4 (E.D. Cal. Dec. 8, 2025); *Pinchi,* 792 F. Supp. 3d at 1037; *Meneses,* 811 F. Supp. 3d at 1165; *Padilla,* 2025 WL 3251368, at *9; *Mody,* 2026 WL 51976, at *7; *Fernandez Lopez,* 2025 WL 2959319, at *7.

Accordingly, Petitioner has satisfied the *Winter* factors.  Because preliminary relief should restore the status quo, "the last uncontested status which preceded the pending controversy," relief is warranted to restore Petitioner to the moment before he was detained without such a hearing.  *See GoTo.com, Inc. v. Walt Disney Co.,* 202 F.3d 1199, 1210 (9th Cir. 2000).  As explained by the court in *Martinez Cruz v. Lyons*, EDCV 2879-MCS-MBK, 2025 WL 4051129, at *5 (C.D. Cal. Nov. 6, 2025), "[d]elaying Petitioner's release awaiting a hearing that [he] should have received before [he] was detained [in November] would be unjust."  Citing *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 879 (9th Cir.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-01253-MWF (DSR)**          **Date:  April 7, 2026**

Title:  Gourav Gourav v. James Janecka, et al.

2009), the *Martinez Cruz* court held that a scenario like the one presented here was "an exceptional case that demands a mandatory injunction requiring Petitioner's forthwith release." 2025 WL 4051129, at \*5.  Therefore, Petitioner is entitled to immediate release rather than merely a bond hearing before an Immigration Judge.

Finally, Petitioner requests that the TRO issue without a bond, which Respondents, again, do not address.  (*See* Motion at 19-20).  The Court thus declines to require a bond.  *See Jorgensen v. Cassiday,* 230 F.3d 906, 919 (9th Cir. 2003) ("Rule 65(c) invests the district court 'with discretion as to the amount of security required, *if any*.'").

## IV.   **CONCLUSION**

All four *Winter* factors weigh in favor of a TRO, and Petitioner's Application is **GRANTED**.  The Court **ORDERS** that Respondents shall immediately **RELEASE** Petitioner from custody.  Respondents shall file a notice of compliance to this effect by no later than **April 10, 2026.**

As the parties are aware, this case has been referred to Magistrate Judge Daniel S. Roberts.  (Docket No. 2).  Pursuant to General Order No. 05-07, further proceedings on the merits of the Petition are **REFERRED** to the Magistrate Judge for decision.

A separate TRO shall issue.

IT IS SO ORDERED.